577 So.2d 362 (1991)
GIBSON ROOFERS, INC.
v.
TERREBONNE PARISH CONSOLIDATED GOVERNMENT, Terrebonne Parish Library Board of Control and Edward J. Laperouse Metal Works, Inc.
No. CA 90 2035.
Court of Appeal of Louisiana, First Circuit.
March 28, 1991.
Writ Denied May 24, 1991.
Leslie E. LeDoux, II, Gretna, for plaintiff and appellant Gibson Roofers, Inc.
Sidney C. Sundbery, Houma, for defendants and appellees Terrebonne Parish Consol. Government and Library Bd.
L. Milton Cancienne, Jr., Houma, for defendant and appellee Laperouse Metal Works, Inc.
Before SAVOIE, CRAIN and FOIL, JJ.
SAVOIE, Judge.
This is an appeal by Gibson Roofers, Inc. (Gibson) from the trial court's finding that Gibson's bid bond on a public works project did not meet statutory requirements. From this adverse judgment, Gibson appealed.

FACTS
On October 4, 1990, Gibson filed a petition for injunctive relief against Terrebonne Parish Consolidated Government (Parish), Terrebonne Parish Library Control Board (Library Board) and Edward J. Laperouse Metal Works, Inc. (Laperouse) because Gibson's low bid on a public works project was rejected.
*363 At the October 15, 1990 hearing all parties stipulated to the following facts. The Parish and/or Library Board advertised for bids for roofing work at the Terrebonne Parish Library. On August 30, 1990, the Parish opened the bids. The bid submitted by Gibson was the lowest. Laperouse submitted the only other bid. After the bids were submitted, the Parish and/or Library Board notified Gibson that it had rejected Gibson's bid because their bid bond did not meet statutory requirements. The Parish and/or Library Board subsequently awarded the contract to Laperouse.
Gibson lists several specifications of error but we find the sole issue before this court to be whether the bid bond submitted by Gibson met all the statutory requirements.
Bid bonds for public works are provided for under LSA-R.S. 38:2218. LSA-R.S. 38:2218[1] provided:
A. The public entity advertising for bids for work may require the bidders to attach a certified check, cashier's check, or bid bond for not more than five percent of the estimated price of supplies or materials, or contract price of work to be done, as an evidence of good faith of the bidder.
B. Whenever a bid bond is required by the governing authority, the bond shall be countersigned by a person who is under contract with the surety company or Dona issuer as a licensed agent in his state, and who is residing in this state.
It is undisputed by all parties that the bid bond submitted by Gibson from Ocean Marine Indemnity Company (Ocean) met the requirements of LSA-R.S. 38:2218(B). It is also undisputed that Ocean was a surety licensed to do business in Louisiana.
The Parish and/or Library Board rejected Gibson's bid because Ocean was not currently on the U.S. Department of the Treasury Financial Management Service list of approved bonding companies as required by LSA-R.S. 38:2219. (Gibson contends that the sole requirements for a bid bond are found under LSA-R.S. 38:2218.)
LSA-R.S. 38:2219[2] provided in pertinent part:
A. Any surety bond written for a public works project shall be written by a surety or insurance company currently on the U.S. Department of the Treasury Financial Management Service list of approved bonding companies which is published annually in the Federal Register.
When a statute is clear and free from all ambiguity it must be given effect as written. Spragio v. Board of Trustees, 468 So.2d 1323 (La.App. 1st Cir.), writ denied, 472 So.2d 32 (La.1985). See also LSA-C.C. art. 9. We find that LSA-R.S. 38:2219 is clear and free from ambiguity and that the phrase "any surety bond for a public works project" includes bid bonds.
*364 For the above and foregoing reasons the judgment of the trial court is affirmed. All costs are to be paid by Gibson Roofers, Inc.
AFFIRMED.
NOTES
[1] At the 1990 session, the legislative amended LSA-R.S. 38:2218.

C. If bid bond is used, it shall be written by a surety or insurance company currently on the U.S. Department of the Treasury Financial Management Service list of approved bonding companies which is published annually in the Federal Register, or by a Louisiana domiciled insurance company with at least an A-rating in the latest printing of the A.M. Best's Key Rating Guide.
The Legislature also amended LSA-R.S. 38:2219 to allow any surety bond for a public works project to be written by a domiciled insurance company with at least an A-rating in the latest printing of the A.M. Best's Key Rating Guide to write individual bonds up to ten percent of policyholders' surplus as shown in the A.M. Best's Key Rating Guide or by an insurance company that is either domiciled in Louisiana or owned by Louisiana residents and is licensed to write surety bonds.
The above amendments became effective on September 7, 1990, which was several days after the bids were opened by the Parish and/or Library Board.
To clarify Gibson's position, this court notes that it is undisputed that Ocean was a Louisiana domiciled insurance company with at an A-rating in the then latest printing of the A.M. Best's Key Rating Guide to write individual bonds up to ten percent of policyholders' surplus as shown in the A.M. Best's Key Rating Guide.
Thus, Gibson's bid bond would have fulfilled the statutory requirements under the 1990 amendments.
[2] See Footnote 1 for the discussion on the 1990 amendment to LSA-.S. 38:2219.